UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 12-41706

JOHN SAMMUT,                                        Chapter 7

            Debtor.                    Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE DEBTOR'S MOTION
TO CONVERT THIS CASE TO CHAPTER 11**

### I. Introduction

This case came before the Court for a hearing on October 17, 2012, on the Debtor's motion, under 11 U.S.C. § 706(a), to convert this case to Chapter 11 (Docket # 78, the "Motion"). At the conclusion of the hearing, the Court took the Motion under advisement. As discussed in this opinion, the Court will deny the Motion because of the Debtor's bad faith.

### II. Background

Debtor filed his voluntary bankruptcy petition under Chapter 7 on January 26, 2012. More than 7 months later, Debtor filed his motion to convert to Chapter 11, on September 4, 2012. During the 7 months before Debtor filed his motion to convert, there was a good deal of activity in this Chapter 7 case, including much activity by the Chapter 7 Trustee and the United States Trustee (the "UST"), and considerable other litigation activity. As of October 17, 2012, the Chapter 7 Trustee had collected a total of $52,000 in funds that are property of the bankruptcy estate.

In one of several adversary proceedings that were filed, the UST filed a complaint on March 20, 2012, seeking the denial of Debtor's discharge, based on multiple provisions of 11

U.S.C. § 727(a).[1] The Debtor, who has been represented by counsel at all times, filed an answer to the complaint, and the Court entered a scheduling order on May 21, 2012.[2] After the August 3, 2012 deadline for completion of discovery passed, the UST timely filed two motions for partial summary judgment, one on August 9, 2012 and the other one on August 16, 2012.[3] Each motion was supported by a detailed brief and voluminous supporting exhibits.

The Court held a final pretrial conference on August 27, 2012, and entered a final pretrial order the same day.[4] During the final pretrial conference, the Court and counsel discussed the UST's pending summary judgment motions. Confirming action taken during the conference, the Court entered an order on August 27, stating, among other things, that "[t]he deadline for Defendant to file a response to each of the Plaintiff United States Trustee's motions for partial summary judgment . . . is September 4, 2012."[5] The order also adjourned the trial date, from September 11, 2012 to October 3, 2012.

Debtor failed to file any response, by the September 4 deadline, to either of the UST's summary judgment motions, and the UST filed a certificate of no response with respect to the motions on September 5, 2012. On September 7, 2012, the Court entered an order granting both of the UST's summary judgment motions, and denying Debtor's discharge. That order stated, in

---

[1] Case No. 12-4484.

[2] Docket # 10 in Case No. 12-4484.

[3] Docket ## 15, 17 in Case No. 12-4484.

[4] Docket # 21 in Case No. 12-4484.

[5] Docket # 22 in Case No. 12-4484. Under the applicable rules, September 4, 2012 was the deadline for Debtor to respond to the second-filed of the UST's motions, which was filed on August 16, 2012 (Docket # 17).

2

part, the following:

> The Court notes that Defendant did not file a timely response to either of the Motions. Under the Court's August 27, 2012 Order (Docket # 22), Defendant's response was due to be filed no later than September 4, 2012. Defendant filed a response to the Motions only on September 5, 2012 (and then only after Plaintiff filed a Certificate of No Response with respect to each Motion), and Defendant failed to file a brief with either of his responses, as required by L.B.R. 9014-1(e)(1)(E.D. Mich.). Nor did Defendant timely move for an extension of the September 4, 2012 deadline. And that deadline was set after a specific discussion of it with counsel, during the August 27, 2012 final pretrial conference.
>
> **Based on the foregoing, and based on the Court's review of the Motions,**
>
> IT IS ORDERED that Plaintiff's Motions (Docket ## 15 and 17) are granted.
>
> IT IS FURTHER ORDERED that summary judgment is granted in favor of Plaintiff on Counts III and IV of Plaintiff's Complaint (Docket # 1).
>
> **IT IS FURTHER ORDERED that the Defendant's discharge is DENIED under 11 U.S.C. §§ 727(a)(4)(A) and 727(a)(5).**
>
> IT IS FURTHER ORDERED that the remaining counts in Plaintiff's Complaint, Counts I and II, are dismissed with prejudice, based on the parties' stipulation contained in the Final Pretrial Order (Docket # 21 at 1 n. 1).
>
> This concludes this adversary proceeding, which will now be closed.[6]

After Debtor filed his motion to convert this case to Chapter 11, three parties objected: the UST; creditor TCF National Bank; and creditor Carol Savage. The UST and TCF National Bank later withdrew their objections to conversion. Savage did not withdraw her objections,

---

[6] Docket # 31 in Case No. 12-4484 (emphasis added).

3

12-41706-tjt    Doc 134    Filed 10/18/12    Entered 10/18/12 17:33:59    Page 3 of 7

however, and the Court heard argument at the October 17 hearing.

**III. Jurisdiction**

This Court has subject matter jurisdiction over this bankruptcy case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157 (b)(1), and Local Rule 83.50(a) (E.D. Mich.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This matter also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This matter is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *id.*, namely, 11 U.S.C. § 706(a). And this matter is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *Id.*

**IV. Discussion**

Savage argues that the Debtor is guilty of bad faith, such that the Court should deny Debtor's motion to convert based on the United States Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007).

In *Marrama*, the Supreme Court held that a debtor's right under 11 U.S.C. § 706(a)[7] to

---

[7] Section 706(a) applies in Chapter 7 cases, and says that:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

4

convert from Chapter 7 to Chapter 13 is not absolute. Rather, the Court held that the bankruptcy court can deny conversion if the debtor has acted in bad faith before seeking to convert, either during the Chapter 7 case or before the bankruptcy case. The type of bad faith that can justify denial of conversion includes, but is not limited to, fraudulent concealment of assets.[8] The Supreme Court framed the issue this way in *Marrama*:

> An issue that has arisen with disturbing frequency is whether a debtor who acts in bad faith prior to, or in the course of, filing a Chapter 13 petition by, for example, fraudulently concealing significant assets, thereby forfeits his right to obtain Chapter 13 relief. The issue may arise at the outset of a Chapter 13 case in response to a motion by creditors or by the United States trustee either to dismiss the case or to convert it to Chapter 7, see § 1307(c). It also may arise in a Chapter 7 case when a debtor files a motion under § 706(a) to convert to Chapter 13. In the former context, despite the absence of any statutory provision specifically addressing the issue, the federal courts are virtually unanimous that prepetition bad-faith conduct may cause a forfeiture of any right to proceed with a Chapter 13 case.

549 U.S. at 367 (footnote and citations omitted).

*Marrama* reasoned that a bankruptcy court's finding of "prepetition bad-faith conduct,

---

[8] The debtor in *Marrama*, for example, was guilty of the following bad faith conduct:

> In verified schedules attached to his petition, Marrama made a number of statements about his principal asset, a house in Maine, that were misleading or inaccurate. For instance, while he disclosed that he was the sole beneficiary of the trust that owned the property, he listed its value as zero. He also denied that he had transferred any property other than in the ordinary course of business during the year preceding the filing of his petition. Neither statement was true. In fact, the Maine property had substantial value, and Marrama had transferred it into the newly created trust for no consideration seven months prior to filing his Chapter 7 petition. Marrama later admitted that the purpose of the transfer was to protect the property from his creditors.

549 U.S. at 368.

5

including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of 'honest but unfortunate debtor[s]' that the bankruptcy laws were enacted to protect," and such an individual is not eligible to convert out of Chapter 7.[9]

While the *Marrama* case involved a debtor's motion to convert to Chapter 13, the reasoning and holding of *Marrama* applies with equal force to a Chapter 7 debtor's motion to convert to Chapter 11. Many cases have so held. *E.g.*, *Levesque v. Shapiro* (*In re Levesque*), 473 B.R. 331, 339 (B.A.P. 9th Cir. 2012)(stating that "the language of § 706(a) applies the same whether the chosen chapter for conversion is chapter 11 or chapter 13" and applying the reasoning and holding of *Marrama* to the debtors' motion to convert their case from Chapter 7 to Chapter 11); *In re Meunghee Joung*, No. 7-10-15997, 2011 WL 2413633, at *1 & n.1 (Bankr. D.N.M. June 10, 2011) (applying the reasoning and holding of *Marrama* in denying the debtor's motion to convert the debtor's chapter 7 case to Chapter 11); *In re George Love Farming, LC*, 366 B.R. 170 (Bankr. D. Utah 2007)(applying *Marrama* to a motion to convert from Chapter 7 to Chapter 11); *In re FMO Associates II, LLC*, 402 B.R. 546 (Bankr. E.D.N.Y. 2009)(same); *In re Broad Creek Edgewater LP*, 371 B.R. 752 (Bankr. D.S.C. 2007)(same).

As discussed above, in this Chapter 7 bankruptcy case the Court has already entered a judgment denying the Debtor's discharge under 11 U.S.C. §§ 727(a)(4)(A) and 727(a)(5). In denying Debtor's discharge under § 727(a)(4)(A), the Court has actually and necessarily determined that Debtor "*knowingly and fraudulently*, in or in connection with [this] case — *made a false oath or account*." 11 U.S.C. § 727(a)(4)(A)(italics added). The elements that were

---

[9] 549 U.S. at 374 (citation omitted).

necessarily established when the Court denied Debtor's discharge under § 727(a)(4)(A) are that:

> 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case.

See Keeney v. Smith (*In re Keeney*), 227 F.3d 679, 685 (6th Cir. 2000)(citations omitted).[10]

This determination places Debtor squarely within the category of debtors who, under *Marrama*, are not eligible for conversion out of Chapter 7, into either Chapter 11 or 13, under § 706(a).

## V. Conclusion

For the reasons stated in this opinion, the Court will enter an order denying Debtor's motion to convert.

**Signed on October 18, 2012**          **/s/ Thomas J. Tucker**
                                        **Thomas J. Tucker**
                                        **United States Bankruptcy Judge**

---

[10] The UST's summary judgment motion under § 727(a)(4)(A), which was supported by a detailed brief and voluminous exhibits, and to which Debtor did not timely respond, stated among other things the following:

> 9. As further explained in the attached Brief and exhibits in support, the Defendant's schedules were – and remain – riddled with numerous material inaccuracies and omissions.
>
> 10. The Defendant knew of these inaccuracies and omissions when the Schedules and Statement of Financial Affairs was filed.
>
> 11. The Defendant made these material omissions and false statements with fraudulent intent.

Docket # 15 in Case No. 12-4484, Motion ¶¶ 9-11.